EXHIBIT "B"

**LAFFEY, BUCCI & KENT, LLP**
By: Jeffrey F. Laffey, Esquire
M. Stewart Ryan, Esquire
Identification No.: 82284/313516
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
(215) 399-9255

*Filed and Attested by the Office of Judicial Records 15 SEP 2021 12:48 pm*

*Attorneys for Plaintiffs*

| | |
|---|---|
| STEPHEN LEHMANN<br>7141 BROUS AVEENUE<br>PHILADELPHIA, PA 19149<br><br>　　　　　　　Plaintiff<br><br>　　v.<br><br>LOUISVILLE LADDER, INC.<br>7765 NATIONAL TURNPIKE<br>UNIT 190<br>LOUISVILLE, KY 40214<br><br>　　　　　　　Defendant | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>September Term, 2021<br><br>No.: 0096 |

## PRAECIPE TO REINSTATE COMPLAINT

TO THE PROTHONOTARY:

Kindly reinstate the Civil Action Complaint in the above-captioned matter.

Respectfully submitted,
LAFFEY, BUCCI & KENT, LLP

By: _____
　　　Jeffrey F. Laffey, Esquire

Dated: September 15, 2021

Case ID: 210900096

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**SEPTEMBER 2021**      **000096**

E-Filing Number: 2109003581

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| STEPHEN LEHMANN | LOUISVILLE LADDER, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 7141 BROUS AVENUE<br>PHILADELPHIA PA 19149 | 7765 NATIONAL TURNPIKE UNIT 190<br>LOUISVILLE KY 40214 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
|  |  |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
|  |  |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 1 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED**
**PRO PROTHY**

SEP 02 2021

**S. RICE**

IS CASE SUBJECT TO COORDINATION ORDER?
YES    NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: STEPHEN LEHMANN

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JEFFREY F. LAFFEY | LAFFEY, BUCCI AND KENT, LLP<br>1100 LUDLOW STREET<br>SUITE 300<br>PHILADELPHIA PA 19107 |
| PHONE NUMBER: (215)399-9255 | FAX NUMBER: (215)241-8700 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 82284 | jlaffey@lbk-law.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JEFFREY LAFFEY | Thursday, September 02, 2021, 02:31 pm |

Case ID: 210900096

FINAL COPY (Approved by the Prothonotary Clerk)

| | |
|---|---|
| **LAFFEY, BUCCI & KENT, LLP**<br>By:   Jeffrey F. Laffey, Esquire<br>         M. Stewart Ryan, Esquire<br>Identification No. 82284 / 313516<br>1100 Ludlow Street, Suite 300<br>Philadelphia, PA 19107<br>(215) 399-9255 | *Filed and Attested by the Office of Judicial Records 02 SEP 2021 12:48 pm M. RUSSO*<br><br>Attorneys for Plaintiffs |
| STEPHEN LEHMANN<br>7141 BROUS AVEENUE<br>PHILADELPHIA, PA 19149<br><br>            Plaintiffs<br><br>            v.<br><br>LOUISVILLE LADDER, INC.<br>7765 NATIONAL TURNPIKE<br>UNIT 190<br>LOUISVILLE, KY 40214<br><br>            Defendant. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br><br><br>NO. |

## COMPLAINT – CIVIL ACTION

**NOTICE**

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOU LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
   PHILADELPHIA BAR ASSOCIATION
   LAWYER REFERRAL and INFORMATION SERVICE
   One Reading Center
   Philadelphia, Pennsylvania 19107
   (215) 238-1701"

**"AVISO**

"Le han demandado a usted en la corte. Si usted quiere defenderse do estas demandas expuestas en las páginas siguients, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificatión. Hace falta asentar una comparenca escrita o en persona o con un abagado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificaion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.
"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.
SI NO TIENE ABAGADO O SI NO TIENE EL DINERO
SUFICIENTE DE PARGAR TAL SERVICO, VAYA EN PERSONA
O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION
SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE
SE PUEDE CONSEGUIR ASISTENCIA LEGAL
   ASSOCIACION DE LICENDIADOS DE FILADELFIA
   SERVICO DE REFERENCA E INFORMACION LEGAL
   One Reading Center
   Filadelfia, Pennsylvania 19107
   Telefono: (215) 238-1701"

Case ID: 210900096

1.      Plaintiff, Stephen Lehmann, is an adult individual who resides at 7141 Brous Ave in Philadelphia, PA, 19149.

2.      Defendant, Louisville Ladder Inc., is a corporation that is incorporated in Kentucky, and has its principal place of business at 7765 National Turnpike, Unit 190 in Louisville, Kentucky 40214 and at all relevant times hereto, engaged in substantial, continuous, and systematic business in the Commonwealth of Pennsylvania and the County of Philadelphia.

3.      During the course and scope of his employment at a construction site at 1401 Arch Street in Philadelphia on September 10, 2019, Stephen Lehmann was working to hang a drywall framing system on the ceiling of the 9th floor at the construction site.

4.      To do his work Stephen Lehmann was required to stand on a steel rolling scaffold, commonly called a "baker scaffold." The scaffold Stephen Lehmann was using was manufactured, designed, and sold by Louisville Ladder, Inc., and was a Model ST0606A (hereinafter "subject scaffold").

5.      The scaffold is comprised of five primary parts: two end frames that have rungs used to climb the assembled scaffold, two side rails which attach to the end frames and are secured through a lock-pin which has a guard built in to protect against inadvertent contact, and a wooden plank or deck that rests within the assembled frame. The end frames have detachable wheels which are secured in place using snap pins and can be locked so as to prevent any movement of the scaffold.



6. Once seated fully within the side rails, the deck platform is "secured" in place with two deck pins that sit in opposite corners of the scaffold. These deck pins rotate in and out of place. There is no positive locking system involved with the deck pins.



7. Defendant Louisville knew or should have known that these rotatable deck pins can and do rotate off the platform during foreseeable use and that when not engaged, the deck pins serve no purpose.

3

8. Defendant Louisville knew or should have known that if the deck pins becoming disengaged during foreseeable use, the platform can become dislodged and collapse through the frame of the scaffold.

9. While Stephen Lehmann was using and/or standing upon the subject scaffold, the plank of the scaffold collapsed causing Stephen Lehmann to fall through the frame of the subject scaffold. Stephen Lehmann was caused to sustain serious, career-ending, and disabling personal injuries more fully described hereinafter.

## COUNT ONE – NEGLIGENCE
## PLAINTIFF V. DEFENDANT LOUISVILLE LADDERS, INC.

10. Plaintiff incorporates by reference all preceding paragraphs of this complaint as if the same were fully set forth hereinafter.

11. Defendant Louisville Ladder, Inc., by its agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers, distributors and/or employees were careless and negligent by:

   a. Designing, assembling, manufacturing, selling, supplying and distributing a product in a defective condition;

   b. Designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous to the user;

   c. Designing, assembling, manufacturing, selling, supplying and distributing a product which was not safe for all of its intended/foreseeable uses and misuses;

   d. Failing to have adequate warnings on the product;

   e. Designing, assembling, manufacturing, selling, supplying and distributing a product which lacked all necessary safety features to protect users of said product;

   f. Failing to design, manufacture and sell a product that would positively lock the platform so it could not be unintentionally dislodged;

   g. Failing to design out and eliminate the hazards associated with collapsing platforms;

4

Case ID: 210900096

h. failing to recall its product and develop an appropriate retrofit that would prevent unintended collapses of the platform;

i. Designing, assembling manufacturing, selling, supplying and distributing a product which could have been designed more safely, but failed to do so in an attempt to reduce construction/production costs and to increase profits;

j. Designing, assembling, manufacturing, selling, supplying and distributing a product without simple and cost-effective safety devices in an attempt to reduce construction/production costs and to increase defendants' profits;

k. Designing, assembling, manufacturing, selling, supplying and distributing a product with parts/components that could dislodge and/or move, allowing the platform to collapse in an attempt to reduce construction/production costs and to increase defendants' profits;

l. Failing to warn the users of its scaffolds of the latent dangerous conditions of its product that allows for the platform to collapse;

m. Failing to provide appropriate safety devices with this product in an attempt to reduce construction/production costs and to increase defendants' profits;

n. Designing, assembling, manufacturing, selling, supplying and distributing a product wherein it was foreseeable that someone would accidentally injure himself based on the product design, assembly, installation and lack of safety features;

o. Violating applicable OSHA, state, local and/or industry standards pertaining to scaffolds;

p. Designing, assembling, manufacturing, selling, supplying and distributing a product that could accommodate components that were unsafe;

q. Failing to adequately and properly test said product after its design and mass production;

r. Failing to ensure that ultimate users were advised of the dangers of said product and how to work with it safely and to avoid injury;

s. Failing to investigate, retain and analyze prior accident information in order to warn and/or notify ultimate users of product defects and dangers;

t. Failing to investigate, retain and analyze prior accident information in order to eliminate the hazard of collapsing platforms;

u. Designing, manufacturing, selling, supplying and distributing a scaffold that could be assembled and reassembled in such a way that it could collapse;

   v. Designing, manufacturing, selling, supplying and distributing a scaffold that could be assembled and reassembled improperly; and

   w. Manufacturing a defective scaffold that did not conform to its design because it did not have a notch on one or more of the subject scaffold's deck pins.

  12. By reason of the carelessness and negligence, of Louisville Ladder Inc., as aforesaid, Plaintiff Stephen Lehmann was caused to sustain serious and disabling injuries which include, but are not limited to, a severe intraarticular joint depression fracture of his left calcaneus; tissue swelling overlying his left lateral ankle; a chin abrasion; as a direct and proximate result of the injuries suffered during this incident he has had to undergo surgical procedures including a bilateral decompressive L4 and L5 laminectomy, bilateral nerve root decompression, and L4 – 5 discectomy, required medical injections for his left ankle, and has undergone significant non-operative medical interventions including extensive physical therapy; he has post-traumatic arthritis; he has and continues to suffer from constant pain, numbness, tingling, and/or burning in the area of his left ankle; he has in the past and may in the future continue to suffer aches, pains and mental and emotional anguish; he has sustained a loss of earnings and a loss of earning capacity; he has sustained a loss of enjoyment of life, a loss of life's pleasures; he has suffered a loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses he has in the past and may continue to be disabled from performing his usual duties, occupations, and avocations, all to his great loss and detriment and has suffered a loss of earnings and will suffer, in the future, a loss of earning capacity.

  WHEREFORE, Plaintiff, Stephen Lehmann, claims of Defendant, Louisville Ladder, Inc. a sum in excess of fifty thousand dollars ($50,000) in compensatory damages, exclusive of

interest, costs, and delay damages pursuant to Pa. R.C.P. 238 and brings this action to recover same.

### COUNT TWO – STRICT PRODUCT LIABILITY
### PLAINTIFF V. DEFENDANT LOUISVILLE LADDERS, INC.

13. Plaintiff incorporates by reference all preceding paragraphs of this complaint as if the same were fully set forth hereinafter.

14. Plaintiff avers that Defendant, Louisville Ladder, Inc., by and through its agents, servants, workers, contractors, sellers, suppliers, and distributors are strictly liable under § 402A of the Restatement of Law of Torts (2d) because:

    a. Defendant Louisville Ladder, Inc. is engaged in the business of designing, manufacturing, assembling, selling and supplying scaffolds and related equipment;

    b. The scaffold that was being used by plaintiff was marketed and placed in the general stream of commerce by defendant Louisville Ladder, Inc.;

    c. Said scaffold was expected to and did reach users, including plaintiff, without substantial change in the condition in which it was sold, rented, leased and/or supplied; and

    d. Said scaffold was sold, rented, leased and/or supplied by defendant Louisville Ladder, Inc. in a defective condition for the reasons set forth below.

15. Defendant Louisville Ladder, Inc., by its agents, servants, workers, contractors, designers, assemblers, manufacturers, sellers, suppliers, distributors and/or employees designed, manufactured, sold and/or supplied a defective product unreasonably dangerous and, in so doing, violated § 402A of the Restatement of Law of Torts (2d) by:

    a. Designing, assembling, manufacturing, selling, supplying and distributing a product in a defective condition;

    b. Designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous to the user;

c. Designing, assembling, manufacturing, selling, supplying and distributing a product which was not safe for all of its intended/foreseeable uses and misuses;

d. Failing to have adequate warnings on the product;

e. Designing, assembling, manufacturing, selling, supplying and distributing a product which lacked all necessary safety features to protect users of said product;

f. Failing to design, manufacture and sell a product that would positively lock the platform so it could not be unintentionally dislodged;

g. Failing to design out and eliminate the hazards associated with collapsing platforms;

h. failing to recall its product and develop an appropriate retrofit that would prevent unintended collapses of the platform;

i. Designing, assembling manufacturing, selling, supplying and distributing a product which could have been designed more safely, but failed to do so in an attempt to reduce construction/production costs and to increase profits;

j. Designing, assembling, manufacturing, selling, supplying and distributing a product without simple and cost-effective safety devices in an attempt to reduce construction/production costs and to increase defendants' profits;

k. Designing, assembling, manufacturing, selling, supplying and distributing a product with parts/components that could dislodge and/or move, allowing the platform to collapse in an attempt to reduce construction/production costs and to increase defendants' profits;

l. Failing to warn the users of its scaffolds of the latent dangerous conditions of its product that allows for the platform to collapse;

m. Failing to provide appropriate safety devices with this product in an attempt to reduce construction/production costs and to increase defendants' profits;

n. Designing, assembling, manufacturing, selling, supplying and distributing a product wherein it was foreseeable that someone would accidentally injure himself based on the product design, assembly, installation and lack of safety features;

o. Violating applicable OSHA, state, local and/or industry standards pertaining to scaffolds;

p. Designing, assembling, manufacturing, selling, supplying and distributing a product that could accommodate components that were unsafe;

8

   q. Failing to adequately and properly test said product after its design and mass production;

   r. Failing to insure that ultimate users were advised of the dangers of said product and how to work with it safely and to avoid injury;

   s. Failing to investigate, retain and analyze prior accident information in order to warn and/or notify ultimate users of product defects and dangers;

   t. Failing to investigate, retain and analyze prior accident information in order to eliminate the hazard of collapsing platforms;

   u. Designing, manufacturing, selling, supplying and distributing a scaffold that could be assembled and reassembled in such a way that it could collapse;

   x. Designing, manufacturing, selling, supplying and distributing a scaffold that could be assembled and reassembled improperly; and

   y. Manufacturing a defective scaffold that did not conform to its design because it did not have a notch on one or more of the subject scaffold's deck pins.

16. By reason of the defendant's violation of section 402A of the Restatement of Torts (2d), of Louisville Ladder Inc., as aforesaid, Plaintiff Stephen Lehmann was caused to sustain serious and disabling injuries which include, but are not limited to, a severe intraarticular joint depression fracture of his left calcaneus; tissue swelling overlying his left lateral ankle; a chin abrasion; as a direct and proximate result of the injuries suffered during this incident he has had to undergo surgical procedures including a bilateral decompressive L4 and L5 laminectomy, bilateral nerve root decompression, and L4 – 5 discectomy, required medical injections for his left ankle, and has undergone significant non-operative medical interventions including extensive physical therapy; he has post-traumatic arthritis; he has and continues to suffer from constant pain, numbness, tingling, and/or burning in the area of his left ankle; he has in the past and may in the future continue to suffer aches, pains and mental and emotional anguish; he has sustained a loss of earnings and a loss of earning capacity; he has sustained a loss of enjoyment of life, a loss

of life's pleasures; he has suffered a loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses he has in the past and may continue to be disabled from performing his usual duties, occupations, and avocations, all to his great loss and detriment and has suffered a loss of earnings and will suffer, in the future, a loss of earning capacity.

WHEREFORE, Plaintiff, Stephen Lehmann, claims of Defendant, Louisville Ladder, Inc. a sum in excess of fifty thousand dollars ($50,000) in compensatory damages, exclusive of interest, costs, and delay damages pursuant to Pa. R.C.P. 238 and brings this action to recover same.

Respectfully submitted,
LAFFEY, BUCCI & KENT, LLP

By: _____
Jeffrey F. Laffey, Esq.
M. Stewart Ryan, Esq.
*Attorneys for Plaintiff*

Dated: September 2, 2021

## VERIFICATION

_____Stephen Lehmann_____, hereby states that he/she is the Plaintiff in the within action and verifies that the statements made in the foregoing CIVIL ACTION COMPLAINT are true and correct to the best of his/her knowledge, information and belief. The undersigned understands that the statements made therein are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____
Stephen Lehmann

Date: __09/02/2021__